**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **WHITEY-TAMATUMUA CHEN,** | : | Civil No.  3:12-CV-1817 |
| | : | |
| **Plaintiff** | : | |
| | : | **(Judge Nealon)** |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| | : | |
| **WARDEN RONNIE HOLT, et al.,** | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM AND ORDER

This matter comes before the Court on a request to appoint counsel for the Plaintiff, a *pro se* litigant.  (Doc. 4.)  The Plaintiff has asked the Court to appoint counsel at the outset of this litigation, prior to the service of the Plaintiff's complaint or any informed assessment of the merits of his claims. (Id.)

We appreciate the Plaintiff's interest in securing court-appointed counsel, but also recognize that there is neither a constitutional nor a statutory right to counsel for civil litigants.  Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997);  Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993).  Instead, 28 U.S.C. § 1915(e)(1) simply provides that "[t]he court may request an attorney to represent any person unable to employ counsel."  Under §1915(e)(1), a district court's appointment of counsel is discretionary and must be made on a case-by-case basis.  Tabron, 6 F.3d at 157-58.

1

In Parham, the United States Court of Appeals outlined the standards to be considered by courts when reviewing an application to appoint counsel pursuant to 28 U.S.C. § 1915(e)(1). In passing on such requests we must first:

> "[D]etermine[] that the plaintiff's claim has some merit, then [we] should consider the following factors: (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; [and] (6) whether the plaintiff can attain and afford counsel on his own behalf."

Parham v. Johnson, 126 F.3d at 457.

In this case our analysis of these factors leads us to conclude that counsel should not be appointed in this case at the present time. At the outset, we believe that we should defer any such decision until after we have had the opportunity to assess the first benchmark standard we must address, the question of whether the Plaintiff's claims have arguable legal merit. In our view, it would be inappropriate to appoint counsel until we have the opportunity to conduct this merits analysis in this matter. Moreover, while we understand that the Plaintiff doubtless faces some obstacles in bringing this action, to date the Plaintiff has demonstrated an ability to effectively present his own case. Furthermore, the actual investigation that the Plaintiff has to do

is minimal, since the pleadings show that the Plaintiff is fully aware of the bases for these claims against the Defendants.

Taking all of these factors into account we DENY this request to appoint counsel (Doc. 4.), at this time without prejudice to re-examining this issue as this litigation progresses.

SO ORDERED, this 18th day of September 2012.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge