# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WHITEY-TAMATUMUA CHEN, : | |
|     Plaintiff                    : | |
|                                   : | CIVIL NO. 3:12-CV-1817 |
| v.                            : | |
|                                   : | (JUDGE NEALON) |
| WARDEN RONNIE HOLT, ET AL., : | (MAGISTRATE JUDGE CARLSON) |
|     Defendants          : | |

## MEMORANDUM

On September 11, 2012, Plaintiff, Whitey-Tamatumua Chen, an inmate currently confined at the Big Sandy United States Penitentiary in Inez, Kentucky filed a civil rights complaint pursuant to 28 U.S.C. § 1331. (Doc. 1). Plaintiff alleges that while he was confined at the Canaan United States Penitentiary in Waymart, Pennsylvania, he suffered Salmonella poisoning from eating chicken that the prison staff knew was contaminated. (Id.). Plaintiff also filed a motion for leave to proceed in forma pauperis. (Doc. 2). On September 18, 2012, Magistrate Judge Martin C. Carlson screened the complaint and issued a Report and Recommendation ("R&R") concluding that Plaintiff fails to provide the legal basis for his claim and improperly includes a specific damage request. (Doc. 8). The R&R recommends that Plaintiff be afforded an opportunity to amend. (Id.). On October 1, 2012, in leu of filing objections to the R&R, Plaintiff filed a motion for leave to file an amended complaint. (Doc. 12). For the reasons set forth below, the R&R will be adopted, Plaintiff's motion for leave to file an amended complaint will be granted, and the matter will be remanded to the Magistrate Judge for further proceedings.

**FILED**
**SCRANTON**

JAN 2 9 2013

PER _____
DEPUTY CLERK

## Standard of Review

When neither party objects to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report, under de novo or any other standard. Thomas v. Arn, 474 U.S. 140, 152 (1985); 28 U.S.C. § 636(b)(1)(C). Nevertheless, the Third Circuit Court of Appeals has held that it is better practice to afford some level of review to dispositive legal issues raised by the report. Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987), writ denied, 484 U.S. 837 (1987); Garcia v. I..N.S., 733 F. Supp. 1554, 1555 (M.D. Pa. 1990) (Kosik, J.) (stating "the district court need only review the record for plain error or manifest injustice"). In the absence of objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); M.D. Pa. L.R. 72.3.

In the absence of objections, this Court will review the instant action for plain error.

## Discussion

Magistrate Judge Carlson explains that the "Court has a statutory obligation to conduct a preliminary review of pro se complaints filed by prisoners who seek leave to proceed in forma pauperis which seek redress against government officials." (Doc. 8, p. 2). Pursuant to 28 U.S.C. § 1915A, a court must dismiss a complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted; or one that seeks monetary relief from a defendant who is immune. (Id. at pp. 2-3); see also 28 U.S.C. § 1915(e). The Magistrate Judge determines that the

2

statute's text mirrors the language in Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Id.). The R&R then outlines the applicable pleading standards. See (Doc. 8, pp. 3-7), citing Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (stating that a court need not "accept legal conclusions set forth as factual allegations"); FED. R. CIV. P. 8 (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"). Magistrate Judge Carlson states that the court must accept as true all allegations in the complaint and construe all reasonable inferences that can be drawn therefrom in the light most favorable to the plaintiff. (Id. at p. 4) (citing Jordan v. Fox Rothschild, O'Brien & Frankel, Inc., 20 F.3d 1250, 1261 (3d Cir. 1994)).

Magistrate Judge Carlson finds that the complaint names individual prison officials but does not state a legal basis for Plaintiff's claim. (Doc. 8, p. 7). The Magistrate Judge determines that it is unclear from the complaint whether Plaintiff is alleging that Defendants violated his constitutional rights or whether his claims are brought pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2675, et seq. (Id.). The R&R explains that Bivens[1] actions and FTCA lawsuits have different requirements as to whom may be properly named as a defendant. (Id. at pp. 7-8) (citing Moshier v. United States, 2007 U.S. Dist. LEXIS 42179 (W.D. Pa. 2007)). Specifically, an FTCA claim must be brought against the United States, while a Bivens action may only be filed against individual government officials. (Doc. 8, pp. 8-10) (discussing the

---

[1] Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). A Bivens-type action is "a judicially created remedy allowing individuals to seek damages for unconstitutional conduct by federal officials." See Banks v. Roberts, 251 Fed. Appx. 774, 775 n.1 (3d Cir. 2007).

3

doctrine of sovereign immunity). Also, Bivens actions require the prisoner-plaintiff to demonstrate that prison officials were deliberately indifferent to his needs, while tort claim liability rests upon a finding of negligence. (Id. at pp. 10-11) (quoting Beers-Capitol v. Whetzel, 256 F.3d 120, 125 (3d Cir. 2001)). In light of these differing standards, Magistrate Judge Carlson concludes that Plaintiff must identify the legal basis for his claims. (Id.).

Additionally, the Magistrate Judge recommends that this Court strike Plaintiff's request for specific sums of unliquidated damages as violating Local Rule 8.1. (Doc. 8, pp. 11-12), citing FED. R. CIV. P. 12(f); M.D. Pa. L.R. 8.1 (stating, "...the party claiming damages is entitled to monetary relief but shall not claim any specific sum where unliquidated damages are involved"). The R&R recommends affording Plaintiff an opportunity to amend his complaint. (Id. at 12-13).

After review, and in the absence of objections, this Court finds no error in the R&R and it will be adopted. Notably, on October 1, 2012, Plaintiff filed a motion for leave to file an amended complaint, which contains an amended complaint. (Doc. 12). This motion will be granted and the Clerk of Courts will be directed to redocket the motion as an amended complaint.[2] Accordingly, it is unnecessary to afford additional time for Plaintiff to file an amended complaint. This action will be remanded to Magistrate Judge Carlson for further proceedings. A separate Order will be issued.

Date: January 29, 2013

United States District Judge

---

[2]This Court is offering no opinion as to the sufficiency of the amended complaint.

4